

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by C-612
When conflicts

Honorable C. C. Benton
County Auditor
Montague County
Montague, Texas

Dear Sir:

Opinion No. 0-5681
Re: Fines collected in misdemeanor
cases should be placed or de-
posited in the Road and Bridge
Fund of the County, except in
cases where a special statute
directs certain fines be de-
posited elsewhere.

Your letter of November 10, 1943, requesting the opin-
ion of this department on the matters mentioned therein reads as
follows:

"Please give me a ruling on the following ques-
tion. Montague County pays the County Officials a
salary and all the fees goes to the County. When
a fine is collected in a misdemeanor case, I would
like to know what fund this fine is to be put in.
I would also like to know if the money collected
for fines goes to the road and bridge fund of the
County or if the Commissioners Court has the au-
thority to transfer this fund to their road and
bridge fund, or to some other fund."

From your letter we assume that you have reference
to fines collected in misdemeanor cases generally, and that
you do not have in mind any fine collected from any person
charged with the violation of any particular statute. There-
fore, this opinion is to be construed as applying to fines
collected only in misdemeanor cases generally, and not to
fines collected for violation of certain game, fish, and
oyster laws and other special statutes requiring that fines
be deposited in the State Treasury.

‡COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. C. Benton, Page 2

Montague County has a population of 20,442 inhabitants according to the 1940 Federal census. Therefore, the county officials of said county must be compensated on an annual, salary basis as required by Article 3912e, Vernon's Annotated Civil Statutes.

After carefully considering the applicable provisions of Article 3912e, and Articles 1626, and 1628, Vernon's Annotated Civil Statutes, in connection with your request, you are respectfully advised that it is our opinion that fines, other than those heretofore mentioned, when collected in misdemeanor cases, must be placed or deposited in the Road and Bridge Fund of the County. Of course, the commissions on such fines which are allowed to the various county officials must be deducted and placed in the Officers' Salary Fund of the County; and the residue of said fines, as heretofore stated, must be deposited in the Road and Bridge Fund of the County. Generally speaking, in all counties containing a population of less than 190,000 inhabitants according to the last, preceding, Federal census, it is the duty of all officers who are compensated on an annual, salary basis to charge and collect, in the manner authorized by law, all fees and commissions which are permitted by law to be assessed and collected for all official services performed by them; and when such fees and commissions are collected, they shall be deposited in the Officers' Salary Fund, as provided by the Officers' Salary Law of this State. However, fines are not fees or commissions within the purview of the statute requiring them to be deposited in the Officers' Salary Fund.

With reference to the last portion of your question relative to the transfer of funds, you are advised that the Commissioners' Court has no legal authority to transfer fines deposited in the Road and Bridge Fund to any other fund of the County. In support of this statement, we direct your attention to our Opinion No. O-3820-A, which holds in effect, among other things, that the portion of the Road and Bridge Fund derived from fines and forfeitures cannot be transferred to any other fund. We enclose herewith a copy of said opinion for your convenience.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED NOV 28, 1943
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ADW:vdo

Enc. 1

APPROVED
OPINION
COMMITTEE
BY